# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MATTHEW C. STECHAUNER,

    Plaintiff,

v.                                                          Case No. 20-CV-1554

EMIL TONEY *et al.*,

    Defendants.

## ORDER

Plaintiff Matthew C. Stechauner, who is representing himself, filed a civil rights complaint under 42 U.S.C. § 1983. On January 12, 2021, Stechauner filed a motion to compel and a motion for sanctions. (ECF No. 41.) Stechauner states that the defendants did not produce a CD recording from the 24-hour camera that captured the defendants watching him self-harm for approximately an hour.

The defendants responded that the recording no longer exists. (ECF No. 44.) The defendants explain that Stechauner filed his lawsuit 15 months after the alleged self-harming incident. Once the Wisconsin Department of Justice (DOJ) was put on notice of the lawsuit, they promptly informed the Wisconsin Department of Corrections (DOC) to retain any evidence related to the case. However, pursuant to the DOC's retention policy, any video footage recorded over a year ago "would have been recorded over long before receiving notice of the lawsuit." (*Id.* at 1.)

Stechauner replied that "The DOC has a policy to preserve evidence for 30 days, plus must preserve evidence past 30 days because they have 30 days to preserve cameras plus keep it after 30 days for a serious self-harm attempt." He appears to cite the Wisconsin Department of Adult Institutions (DAI) Policy 306.00.14, which is not publicly available on the DOC's website. *See* https://doc.wi.gov/Pages/AboutDOC/DepartmentPolicies/DAIPolicies.aspx Also, the defendants did not submit that policy as part of their response. Thus, the court can neither confirm nor deny the accuracy of his citation. Regardless, even if Stechauner's citation is correct, that still requires the DOC to preserve the video for only a few months after an incident occurs. The DOC's obligation to preserve evidence for this case did not start until several months after that, when Stechauner filed the suit.

The court cannot compel the defendants to provide something they do not have. Because the court finds that the recording was destroyed in the normal course of business, Stechauner's motion to compel and motion for sanctions is **DENIED.** (ECF No. 41).

Dated in Milwaukee, Wisconsin this 4th day of February, 2021.

STEPHEN C. DRIES
United States Magistrate Judge